· A. G. Banta, County Judge v. Summit Station Tpk. R. Co.

[Abstract Kentucky Law Reporter, Vol. 4—984.]

**Subscription to Turnpike by County Judge.**

Where those interested in the construction of a turnpike have subscribed a sum sufficient to build the road, and the magistrates have determined from proof that the subscription is sufficient and a record is made showing such facts, the county judge can be compelled by mandamus to make the county subscription. Under such a record the judge has no power to refuse to make the subscription.

APPEAL FROM NICHOLAS CIRCUIT COURT.

May 5, 1883.

Opinion by Judge Pryor:

There seems to be but one objection to the proceedings in the court below, and that is that the action of the county judge was in a judicial and not ministerial capacity. If the act requiring the subscription (II Acts 1879, ch. 1551) could be regarded in any other light than as mandatory, the record shows that those interested in the turnpike road or its construction have subscribed a sum sufficient to build the road within the county of Nicholas, or for the distance in that county contemplated by the act. The general turnpike law applicable to the construction of turnpikes in that county left the magistrates to determine from satisfactory proof whether or not the subscription was sufficient, and with this proviso inserted in the act, requiring the county judge to subscribe to the Summit Station Turnpike (the appellee) when the subscription was presented and the fact entered of record that it was a subscription sufficient to build the county road, the county judge could be compelled by mandamus to make the county subscription upon his refusal so to do. So regarding the act in either light, the county judge had no power to refuse the subscription after the company had complied with the condition on their part, and that they have done so is conceded. The authority to the county judge to make the subscription is a mere delegation of the power to do so by the legislature. If the legislature has the right to confer upon the county judge the power to make the sub-

scription the burden could be imposed without consulting the county court; but as there must be some one to make the subscription in behalf of the county it was proper that the county judge should be the person designated. This act is but an amendment to the general turnpike law of the county, and the legislature has said that so much must be appropriated to the construction of appellee's turnpike, and we perceive no constitutional objection to the investment. The power of the legislature to enact such a law has been too often recognized to be questioned. See *Talbott v. Dent,* 9 B. Mon. (Ky.) 526; *City of Louisville v. Hyatt,* 2 B. Mon. (Ky.) 177, 36 Am. Dec. 594. The county judge should have made the subscription, and before the money is paid over he may require a bond, if he thinks it will be misappropriated by those entitled to it, that it will be applied to the construction of the road as indicated in the charter.

The judgment below is *affirmed.*

*Thomas Kennedy, for appellant.*

*Ross & Lyttle, for appellee.*